IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KEITH A. HILL                                                                                       PLAINTIFF

V.                              NO. 4:21CV01227 BRW-PSH

KILOLO KIJAKAZI,
ACTING COMMISSIONER of the
SOCIAL SECURITY ADMINISTRATION[1]                               DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition (Recommendation) has been sent to United States District Judge Billy Roy Wilson. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

I.    **Introduction**:

Plaintiff, Keith A. Hill, applied for Title II disability and disability insurance

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the Defendant in this action. Fed. R. Civ. P. 25(d).

1

benefits on April 11, 2019. (Tr. at 13). He also filed an application for Title XVI supplemental security income on July 24, 2019. *Id*. In both applications, Mr. Hill alleged disability beginning on June 1, 2016. *Id*. After conducting a hearing on October 21, 2020, an Administrative Law Judge ("ALJ") denied both applications. (Tr. at 13-22). The Appeals Council declined to review the ALJ's decision. (Tr. at 1-4). Thus, the ALJ's decision now stands as the final decision of the Commissioner.

For the reasons stated below, this Court should affirm the ALJ's decision and enter judgment for Defendant.

## II. **The Commissioner's Decision**:

The ALJ found that Mr. Hill, who was 52 years old on the alleged onset date, had not engaged in substantial gainful activity June 1, 2016.[2] (Tr. at 125, 20). At Step Two, the ALJ found that Mr. Hill had the following severe impairments: degenerative disc disease and carpal tunnel syndrome. (Tr. at 15).

After finding that Mr. Hill's impairments did not meet or equal a listed impairment (Tr. at 17), the ALJ determined that Mr. Hill had the residual functional

---

[2] The ALJ followed the required five-step analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment (Listing); (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

2

capacity ("RFC") to perform work at the medium exertional level, except that he can no more than frequently finger, feeling, and grasp with the bilateral upper extremities. *Id*.

The ALJ determined that Mr. Hill was unable to perform any past relevant work. (Tr. at 20). At Step Five, the ALJ relied on the testimony of a Vocational Expert (VE) to find that, considering Mr. Hill's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that he could perform, such as general worker and driver helper. (Tr. at 21-22). Thus, the ALJ found that Mr. Hill was not disabled. *Id*.

**III.   Discussion:**

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly

> detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.   Mr. Hill's Arguments on Appeal

Mr. Hill contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the ALJ failed to fully develop the record

or evaluate his subjective complaints, and that the RFC did not fully incorporate Mr. Hill's impairments.

As Mr. Hill points out in his brief, there are only 37 pages of medical records, not including the RFC opinions of the Disability Determination Services (DDS) medical experts. Mr. Hill thinks that the ALJ should have procured more medical records or ordered a consultative examination. An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a claimant has the burden of proving his disability; the ALJ does not have to play counsel for the claimant and the ALJ's duty to develop is not never-ending. *Id*. A claimant's representative has an affirmative duty to obtain and supply information necessary for the claimant to support his claim. 20 C.F.R. §§ 404.1540(b), 416.940(b).

The medical records provided do not suggest disabling conditions. A lumbar spine MRI and lumbar x-rays showed only mild-to-moderate conditions. (Tr. at 316-320). Musculoskeletal exams were grossly normal. (Tr. at 316-321). A physical therapist diagnosed Mr. Hill with mild bilateral carpal tunnel syndrome, but prescribed wrists splints were helpful. (Tr. at 308-318). Physical therapy was recommended for Mr. Hill, and it proved helpful, as well. The physical therapist recommended exercise, and said that Mr. Hill was doing well with treatment. (Tr. at

309-310). Mr. Hill told his physical therapist that his low back pain was alleviated by walking and moving around. (Tr. at 304). Treatment for Mr. Hill's conditions was conservative with therapy and medication. And Mr. Hill's doctor said that surgery was not needed for his back. (Tr. at 320). Likewise, while Mr. Hill complained of having mental health issues, there is no record of specialized treatment for same.

In 2018, the DDS experts found that there was insufficient evidence to assign an RFC for Mr. Hill. (Tr. at 59-68). However, Mr. Hill only provided 37 pages of records after these opinions issued, and those records revealed only mild conditions with a positive response to treatment. There was no conflict in the records, no crucial undeveloped issue. Mr. Hill seems to think that in the absence of medical records due to lack of treatment, the ALJ should have ordered a supplemental examination. But Agency consultative examinations don't stand in for medical evidence of regular treatment for severe impairments, and should not serve as state-sponsored treatment options for claimants who have failed to develop their own medical record.

While Mr. Hill complains that the ALJ did not support his decision by any particular medical opinion, it is important to note that there is no requirement that an ALJ's RFC finding be supported by a specific medical opinion. See *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (affirming RFC without medical opinion

evidence). The ALJ clearly gave some credit to the sparse evidence at hand when he determined that Mr. Hill's back impairment and carpal tunnel syndrome were severe, and then limited him to medium level work. The record was fully developed and the RFC for medium work took into account the mild objective findings and conservative treatment.[3]

Moreover, the ALJ properly considered and discussed Mr. Hill's subjective complaints. When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. See *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id*. (internal citations omitted).

---

[3] A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011).

Medium work is defined as lifting or carrying no more than 50 pounds at a time with frequent lifting and carrying of up to 25 pounds, with a good deal of walking or standing. 20 C.F.R. § 404.1567(c).

In the written decision, the ALJ discussed the nature of Mr. Hill's pain, the lack of reported side effects from medications, and the ability to perform daily activities like attending to personal care, visiting with others, and reading.[4] (Tr. at 18-19). He also discussed objective findings and conservative treatment. *Id*. The ALJ fairly evaluated Mr. Hill's subjective complaints.

## III. Conclusion:

There is substantial evidence to support the Commissioner's decision that Mr. Barnes was not disabled. The ALJ's decision was based upon a fully developed record, and the RFC incorporated all of Mr. Hill's limitations. Also, the ALJ fairly considered Mr. Hill's subjective complaints. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 27th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Such daily activities undermine his claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).